IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LAJUANA HIBBLER,   ) | |
| ) | Civil Action No. |
| Plaintiff,   ) | |
| v.   ) | |
| ) | |
| ) | JURY TRIAL DEMANDED |
| ENVISION BUSINESS   ) | |
| MANAGEMENT GROUP, INC.,   ) | |
| ) | |
| Defendant.   ) | |
| ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff LaJuana Hibbler (hereinafter "Plaintiff"), and files this lawsuit against Defendant Envision Business Management Group, Inc. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated damages and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et seq. ("FLSA") during Plaintiff's employment with Defendant.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(a)(4).

4.

Defendant Envision Business Management Group, Inc., is a Georgia corporation with a principal place of business at 3645 Marketplace Boulevard, Suite 130-318, East Point, Georgia, 30344. The unlawful employment practices described herein occurred at the said location. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiff is a citizen of the United States of America and resident of the State of Georgia.

6.

At all relevant times to this Complaint, Plaintiff was an "employee" of Defendant, as defined under 29 U.S.C § 203(e).

7.

At all relevant times to this Complaint, Defendant was the "employer" of Plaintiff as defined under 29 U.S.C. § 203(d).

8.

Plaintiff performed non-exempt labor for Defendant within the last three years.

9.

During Plaintiff's employment with Defendant, Plaintiff worked an amount of time that was more than forty (40) hours per workweek and was not paid the overtime wage differential.

10.

Defendant is a private domestic corporation that is registered in Georgia and is entitled to do business in Georgia. Defendant primarily provides bookkeeping and financial services to sports and entertainment entrepreneurs.

11.

Defendant's gross revenues exceed $500,000 per year.

12.

Defendant has employees engaged in commerce or in the production of goods for commerce, or has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce.

13.

Defendant transacts business with vendors all across the United States of America.

14.

Defendant is governed by and subject to FLSA §7, 29 U.S.C. §207.

15.

Plaintiff, in the course of her duties as Accounts Payable Administrator, was engaged in commerce or the production of good for commerce, and is therefore covered by FLSA §7, 29 U.S.C. §207.

## IV. Facts

16.

In October 2007, Plaintiff was hired by Defendant as a Bookkeeper. Plaintiff subsequently assumed the role of Accounts Payable Administrator, a position that she held until June 14, 2012.

17.

As the Accounts Payable Administrator, Plaintiff was responsible for accounts payable, account maintenance, credit card payments, and vendor maintenance, amongst other things.

18.

Plaintiff was compensated on an hourly basis.

19.

Plaintiff was scheduled to work from 8:30 a.m. to 5:30 p.m. However, Plaintiff actually worked much longer hours in order to keep up with the demands of her job.

20.

Although Plaintiff consistently worked more than forty (40) hours per workweek, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207 for all hours worked above forty (40) in a workweek.

21.

On several occasions, Ms. Jini Thornton, Chief Executive Officer, scheduled "work lunches" (i.e. meetings during lunch). Since Plaintiff and her colleagues were permitted to eat their lunch while they worked, they were not compensated for their time.

22.

Even when Plaintiff's timesheets indicated that she worked more than forty (40) hours in a workweek, Plaintiff was not compensated for all hours worked over forty (40) in a workweek.

23.

Ms. Thornton expressly prohibited all employees from reporting overtime that was unauthorized and threatened termination for doing so.

### V. Violation of the Overtime Wage Requirement of the FLSA

24.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

25.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay Plaintiff overtime wages for time worked in excess of forty (40) hours per workweek.

26.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

27.

Defendant suffered and permitted Plaintiff to routinely work more than forty (40) hours per workweek without overtime compensation. Specifically, even when Plaintiff's timesheets showed that she had worked more than forty (40) hours in a workweek, Defendant refused to compensate Plaintiff for *all* hours worked above forty (40) hours.

28.

Defendant's actions, policies, and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate. More particularly, in a memorandum to all employees, Ms. Thornton, expressly stated that employees who reported more than forty (40) hours in a workweek without first obtaining permission could be fired.

29.

Defendant knew, or showed reckless disregard for the fact, that it failed to pay Plaintiff overtime compensation in violation of the FLSA by, *inter alia*, failing to pay Plaintiff overtime compensation even when her timesheets indicated she worked more than forty (40) hours in a workweek.

30.

As the direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered a loss of income and other damages.

## VII. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)  Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)  Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA §7, 29 U.S.C. §207, , liquidated damages as provided by 29 U.S.C. §216, court costs, expert witness fees, reasonable attorneys' fees under 29 U.S.C. §216, pre-judgment interest and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted the 3rd day of August, 2012.

           **BARRETT & FARAHANY, LLP**


           s/ Benjamin A. Stark_____
           Benjamin A. Stark
           Georgia Bar No. 601867
           Benjamin F. Barrett
           Georgia Bar No. 039586
           Attorneys for LaJuana Hibbler

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile